IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS JAMES QUEEN, SR., #29623-037  *

    Petitioner                               *

    v.                                     *      Civil Action No. WMN-05-2942
                                                   Criminal No. WMN-93-0366

UNITED STATES OF AMERICA        *

    Respondent                             *
                                                 ******

**MEMORANDUM**

On October 26, 2005, Petitioner Nicholas James Queen, Sr., a federal prisoner, filed this pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Paper No. 1, Civil Action No. WMN-05-2942. Petitioner contends that the government did not have jurisdiction to prosecute him.

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[1]

---

[1] 28 U.S.C. §2255 provides in relevant part:
    [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

It provides a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255.  In *Jones*, the United States Court of Appeals for the Fourth Circuit held  that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.  *See Jones* 226 F.3d 333-34.

In this case, Petitioner was sentenced on September 30, 1994.  The  conviction and sentence were affirmed on appeal. Paper No. 144, Criminal No. WMN-93-366 (D. Md. 1993). Petitioner has been unsuccessful in seeking to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255 and by way of a Petition for Writ of Error Coram Nobis or Petition for Mandamus Relief.  *See Queen v. United States of America,* WMN-05-1149 (D. Md. 2005); *Queen v. United States of America*, Civil Action No. WMN-04-1475 (D. Md. 2004); *Queen v. United States of America*, Civil Action No. AW-04-1472 (D. Md. 2004); *Queen v. United States of America*, HNM-00-1841 (D. Md. 2000); *Queen v. United States of America*, HNM-97-1184 (D. Md. 1997); and *United States of America v. Queen*, Criminal No. WMN-96-0366 (D. Md. 1996).

---

> entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The instant petition clearly challenges the validity of the sentence imposed and is properly construed pursuant to 28 U.S.C. § 2255. Regardless of the label used by Petitioner, the subject matter of the motion, and not its title, determines its status. *See e.g.*, *Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Moreover, Petitioner has not satisfied the criteria set forth in *Jones* for demonstrating that a § 2255 petition is an inadequate or ineffective remedy. It is well established that a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. *See Jones*, 226 F.3d at 333; *Vial*, 115 F.3d at 1194 n. 5. A § 2241 habeas petition is not available to circumvent the statutory limitations imposed on second or successive § 2255 motions. *See id*.

This application represents at a minimum Petitioner's fifth 28 U.S.C. § 2255 motion. As such, it may not be filed absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)& 2255; *Vial*, 115 F.3d at 1197-98 (4th Cir. 1997). Since Petitioner has not obtained this authorization, the motion will be dismissed without prejudice.[2]


November 10, 2005                                        _____/s/_____
Date                                                     William M. Nickerson
                                                         Senior United States District Judge

---

[2] The court will direct the Clerk to mail Petitioner an information packet for filing for authorization to consider a successive §2255 petition.